IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Theodric Daniels, ) | |
| ) | C/A No.: 2:09-0031-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Berkeley County Schools, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Theodric Daniels is a former employee of Defendant Berkeley County Schools. He brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., alleging that he was retaliated against by Defendant for exercising his rights under Title VII.

This matter is before the court on Defendant's motion for summary judgment filed November 24, 2009. Plaintiff filed a memorandum in opposition to Defendant's motion on January 4, 2010, to which Defendant filed a reply on January 14, 2010. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the matter was referred to United States Magistrate Judge Robert S. Carr for a Report and Recommendation. The Magistrate Judge filed a Report and Recommendation on July 1, 2010, recommending that Defendant's motion for summary judgment be granted. Plaintiff filed objections to the Report and Recommendation on July 19, 2010. Defendant filed a response to Plaintiff's objections on August 2, 2010.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is

made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## I. FACTS

The facts are thoroughly discussed in the Report and Recommendation. Briefly, Plaintiff was employed by Defendant in 1987. From July 1997 until January 2009, the Superintendent of the Berkeley County School District was Dr. J. Chester Floyd. In December 2003, Plaintiff was appointed interim principal at Saint Stephen Middle School. In April 2004, it was announced that Plaintiff would be the principal of Saint Stephen Middle School.

On June 14, 2004, Plaintiff, who is black, and a number of other black administrators met with Dr. Floyd to discuss the District's employment practices with respect to minority administrators and teachers. According to Plaintiff, he raised a concern that maintenance work for rural schools, which have predominantly black student populations, was disregarded in favor of maintenance work at other schools. Plaintiff alleges that Dr. Floyd became upset with Plaintiff's comment. Dr. Floyd investigated the matter and determined that Plaintiff's allegation was unfounded.

Plaintiff arranged a second meeting with Dr. Floyd to discuss Plaintiff's statement. Plaintiff contends that he and Dr. Floyd resolved their differences. Shortly thereafter, Dr. Floyd received a letter signed by the black administrators with whom he had met on June 14, 2004, including Plaintiff. The letter expressed some dissatisfaction with Dr. Floyd's responses at the meeting. Dr. Floyd requested another meeting with Plaintiff to address the letter. Plaintiff alleges that at the second meeting between him and Dr. Floyd, Dr. Floyd stated that Plaintiff was making himself unemployable by being a part of the group of black administrators.

2

Effective July 1, 2004, Plaintiff was issued a contract for the principal's position at Saint Stephen Middle School. Floyd also recommended that Plaintiff return as principal for the 2005-2006 school year, and Plaintiff was issued a contract.

The summer of 2005 Plaintiff was accused of sexual harassment by a teacher. The claim was investigated by Assistant Superintendent for Personnel Services Willis Sanders and Director of Personnel Terri Myers. Sanders and Myers met with Plaintiff and, on July 22, 2005, sent Plaintiff a letter cautioning him to behave professionally and reminding him of the School District's sexual harassment policies.

In accordance with state law, regulations of the South Carolina Department of Education, and School District Policy, Plaintiff was not evaluated during his "induction" year as principal. Thus, Plaintiff's performance as principal first was evaluated for the 2005-2006 school year. Judy Hammett, the School District's coordinator for the Program for Assisting, Developing, and Evaluating Principal Performance, appointed Sanders and Dr. Wanda Whatley, Assistant Superintendent for Instruction, to evaluate Plaintiff's performance. Dr. Floyd was not involved in the composition of the evaluation team.

Plaintiff received an "Improvement Needed" evaluation on June 28, 2006. Nevertheless, Plaintiff was offered and accepted a contract to return as principal for the 2006-2007 school year. He received an improvement plan and Sanders was assigned to act as mentor and provide Plaintiff with assistance. A school-level mentor, Janie Langley, also was assigned to provide assistance to Plaintiff. Hammett assigned Secondary School Supervisor Archie Franchini and Assistant Superintendent for Operations Facilities Ken Coffey as Plaintiff's 2006-2007 evaluation team. Dr. Floyd was not involved in the composition of the evaluation team. Plaintiff again received an

"Improvement Needed" rating.

In 2005 and 2006, Saint Stephen Middle School received unsatisfactory and below average ratings as those terms are defined by the Education Accountability Act of 1998, S.C. Code Ann. §§ 59-18-1500 to -1595. In accordance with the Act, an External Review Team (ERT) conducted an on-site visit and prepared a 98-page report offering recommendations and assistance. Based on the ERT Report and two years of "Improvement Needed" ratings, Franchini and Coffey recommended that Plaintiff be reassigned to an administrative position at Goose Creek High School for the 2007-2008 school year. Dr. Floyd informed Plaintiff of the reassignment on April 12, 2007.

Later that month, another teacher made an allegation of sexual harassment against Plaintiff. Sanders and Franchini met with Plaintiff on April 30, 2007 regarding the allegations. Plaintiff denied the allegations and stated that the teacher had been flirting with him. Plaintiff then left the meeting. Plaintiff was placed on administrative leave with pay. He then was informed that he would be reassigned as an administrative assistant with teaching responsibilities at Goose Creek High School for the 2007-2008 school year. Plaintiff resigned effective June 30, 2008. Plaintiff received no reduction in pay after he was relieved of his duties as principal.

Plaintiff filed a Charge of Discrimination with the South Carolina Human Affairs Commission (SHAC) on or about May 4, 2007. A right to sue letter was received by Plaintiff's counsel on or about August 18, 2008. Plaintiff filed the within action in the South Carolina Court of Common Pleas for Charleston County on November 7, 2008. Defendant removed the action to this court on January 6, 2009.

## II. DISCUSSION

Plaintiff contends that he was demoted from the position of principal in retaliation for his

participation in and comments during the meeting of the black administrators with Dr. Floyd on June 14, 2004. Section 42, United States Code, Section 2000e-3 provides that:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, . . . because he has opposed any practice made an unlawful employment practice by this subchapter [i.e., Subchapter VI - Equal Employment Opportunities], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

To prevail, Plaintiff first must make out a prima facie showing of retaliation by proving, by a preponderance of the evidence, that:

1. he engaged in a protected activity;

2. he suffered an adverse employment action; and

3. a causal connection existed between the protected activity and the adverse action.

Prince-Garrison v. Maryland Dep't of Health & Mental Hygiene, 317 F. App'x 351, 354 (4th Cir. 2009) (citing Holland v. Washington Homes, Inc., 487 F.3d 208, 218 (4th Cir. 2007)). Protected activity within the meaning of Title VII includes opposing discriminatory practices or participating in any manner in a Title VII investigation, proceeding, or hearing. Id. (citing Kubicko v. Ogden Logistics Servs., 181 F.3d 544, 551 (4th Cir. 1999)). The adverse action need not be an ultimate employment decision, but must be "materially adverse," meaning "'it might well have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" Id. (quoting Burlington Northern & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006)).

If Plaintiff establishes a prima facie case of retaliation, Defendant may rebut Plaintiff's case by showing that there was a legitimate, nonretaliatory reason for the adverse employment action. Wells v. Gates, 336 F. App'x 378, 380 (4th Cir. 2009)(citing Baqir v. Principi, 434 F.3d 733, 747 (4th

5

Cir. 2006)). Once the employer produces a legitimate, nonretaliatory reason for the adverse employment action, the burden of proof lies with Plaintiff to establish by a preponderance of the evidence that the proffered reason is pretextual. Id.

The Magistrate Judge determined that the lack of temporal proximity between the protected activity in June 2004 and the adverse employment action in June 2007 precluded as a matter of law a finding that there existed a causal connection between the events. Report and Recommendation 19, ECF No. 3 (citing cases). Plaintiff contends, however, that the applicable state and School District policies demonstrate that at least two years is required to fail and reassign a principal to a lesser position. Plaintiff appears to contend that Dr. Floyd orchestrated Plaintiff's reassignment from principal to an administrative position over the two year period between June 2005 and June 2007 when Plaintiff was subject to performance review.

The court discerns no foundation in the record for such a finding. Dr. Floyd recommended Plaintiff for the principal position at Saint Stephen Middle School for the 2004-2005, 2005-2006, and 2006-2007 school years. As the Magistrate Judge noted, under S.C. Code Ann. § 59-25-15[1] Plaintiff had no right to an administrative position and could have been reassigned at any time. The court concurs with the Magistrate Judge's determination that no reasonable factfinder would find that Dr. Floyd, as the person allegedly retaliating against Plaintiff, would continue to recommend renewal

---

[1] Section 59-24-15 provides:

> Certified education personnel who are employed as administrators on an annual or multi-year contract will retain their rights as a teacher under the provisions of Article 3 of Chapter 19 and Article 5 of Chapter 25 of this title *but no such rights are granted to the position or salary of administrator.* Any such administrator who presently is under a contract granting such rights shall retain that status until the expiration of that contract. (Emphasis added)

of Plaintiff's contract for the position of principal. Further, there is no evidence that Dr. Floyd was involved in the performance evaluation process or the investigation of the sexual harassment allegations leveled against Plaintiff, despite Plaintiff's contention that Dr. Floyd "inspired those in the School district to pursue a frivolous claim against the Plaintiff for inappropriate behavior." Plaintiff's Objections 5, ECF No. 35. Plaintiff's objection is without merit.

Plaintiff further contends that Defendant's proffered nonretaliatory reason for the reassignment is not worthy of credence. According to Plaintiff, the sexual harassment claims asserted by the teacher in 2007 were unfounded because the teacher knew she was not going to be offered a position at Saint Stephen Middle School for the 2007-2008 school year. Regardless of the teacher's motives, Sanders and Franchini reasonably investigated the complaint and provided Plaintiff an opportunity to explain his version of the events. There is no evidence in the record that Dr. Floyd encouraged the teacher to make allegations of sexual harassment or that he appointed Sanders and Franchini to generate a negative report for the purpose of retaliating against Plaintiff. Plaintiff's objections are without merit.

## III. CONCLUSION

For the reasons stated, Defendant's motion for summary judgment (ECF No . 21) is **granted** and the case dismissed.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

September 27, 2010.

7